NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Housing Appeals Board
Case No. 2023-0189
Citation: Appeal of Hoekstra, 2024 N.H. 23

APPEAL OF ELIZABETH HOEKSTRA & a.
(New Hampshire Housing Appeals Board)

Argued: November 29, 2023
Opinion Issued: May 14, 2024

Schuster, Buttrey & Wing, P.A., of Lebanon (Barry C. Schuster on the brief and orally), for the petitioners.

Cordell A. Johnston, of Henniker, on the brief and orally for the respondent.

PER CURIAM.

[¶1] The petitioners, Elizabeth Hoekstra and Peter Hoekstra, appeal an order of the Housing Appeals Board (HAB) upholding a decision of the Zoning Board of Adjustment (ZBA) for the respondent, the Town of Sunapee (Town), that the petitioners' rental of their travel trailer for short-term occupancy is not permitted under the Town's zoning ordinance. We reverse and remand.

I.    Background

[¶2] The following facts are supported by the record.  The petitioners own property in the Village Residential District in the Town.  The property includes a single-family dwelling unit that the petitioners use as their primary residence.  The petitioners also keep a travel trailer on the property that they use as a short-term rental.

[¶3] In June 2023, the Town's zoning administrator notified the petitioners that their use of the trailer for short-term rentals was prohibited under section 4.20 of the zoning ordinance, which states that "[a]ny use not specifically permitted is prohibited."  The petitioners appealed that determination to the ZBA, which upheld the zoning administrator's decision.  The ZBA thereafter denied the petitioners' request for rehearing, ruling that the zoning ordinance does not permit the use of travel trailers as rentals "for transient occupancies."  Following a hearing, the HAB affirmed the ZBA's decision.  The HAB denied the petitioners' motion for reconsideration.  This appeal followed.

II.    Analysis

[¶4] The petitioners argue that the "express language of the Town of Sunapee Zoning Ordinance permits travel trailers to be used for temporary sleeping quarters for 'not more than 90 days per 12-month period.'"  According to the petitioners, "[a]s a use permitted in all of the Town's zoning districts, the travel trailer on [their] home property is subject to and complies with the additional requirements set forth in Section 3.40 of the" ordinance.  The petitioners assert that the HAB's decision to the contrary was "unreasonable and incorrect as a matter of law."

[¶5] Our review of the HAB's decision is governed by RSA chapter 541. Appeal of Town of Amherst, 175 N.H. 575, 577 (2023).  We will not set aside the HAB's order "except for errors of law, unless [we are] satisfied, by a clear preponderance of the evidence before [us], that such order is unjust or unreasonable."  RSA 541:13 (2021).

[¶6] The interpretation of a zoning ordinance is a question of law, which we review de novo.  Town of Lincoln v. Chenard, 174 N.H. 762, 765 (2022).  We use the traditional rules of statutory construction when interpreting zoning ordinances.  Working Stiff Partners v. City of Portsmouth, 172 N.H. 611, 615 (2019).  "We construe the words and phrases of an ordinance according to the common and approved usage of the language."  Id. at 615-16.  When the language of an ordinance is plain and unambiguous, we need not look beyond the ordinance itself for further indications of legislative intent.  Id. at 616.

[¶7] The ordinance states that "[w]henever a use is permitted by right or special exception in any district, it may be used in conjunction with any other permitted or special exception use in that district." Sunapee Zoning Ordinance sec. 4.10 (Ordinance). Pursuant to section 4.20, "[a]ny use not specifically permitted is prohibited." Ordinance sec. 4.20. "Permitted use" is defined as "[a] use that is allowable in the District as a matter of right under the terms of the ordinance." Ordinance art. XI.

[¶8] Article III of the ordinance includes "Additional Requirements" that apply to all districts in the Town. (Capitalization and bolding omitted.) Section 3.40 provides:

> (m)   Travel Trailers, which include, but are not limited to, camper trailers, motor homes, recreational vehicles, tent trailers and truck campers, are permitted subject to the following restrictions:
>
> > 1)   The owner of a travel trailer may store up to two (2) such trailers on his/her property in as inconspicuous a location as possible;
> > 2)   A travel trailer may be used for temporary sleeping quarters for not more than 90 days per 12-month period unless a Certificate of Compliance is issued. Sewage disposal must be in compliance with New Hampshire Water Supply and Pollution Control regulations or approved by the Sunapee Water and Sewer Department if on municipal sewer;
> > 3)   All travel trailers used for temporary sleeping quarters must be in compliance with all other provisions of this ordinance including building setbacks;
> > 4)   If three (3) or more travel trailers are to be placed on an individual lot and used as sleeping quarters, a Site Plan Review approval must be granted by the Planning Board.

Ordinance sec. 3.40(m). Under the plain language of section 3.40, a travel trailer is permitted and may be used for temporary sleeping quarters for not more than ninety days in a twelve-month period so long as it complies with State or Town sewage disposal requirements and all other provisions of the ordinance including building setbacks. The Town does not dispute that the petitioners are in compliance with the restrictions imposed by section 3.40(m).

[¶9] The Town argues that section 3.40(m) merely "establishes additional requirements applicable to uses that are expressly permitted by other sections of the Ordinance" but does not create new categories of permitted uses. We disagree. By definition, a permitted use is a use that is allowable in a district as a matter of right under the ordinance. Ordinance art. XI. Under section

3

3.40, travel trailers are "permitted" as a matter of right for "use[] for temporary sleeping quarters" in all districts provided the restrictions set forth are met. Ordinance sec. 3.40(m).

[¶10] The Town concedes that the petitioners, "or any other property owners with a travel trailer, remain free to sleep in the trailer, or allow a friend, family member, or even a stranger to sleep in the trailer, for up to 90 days in a 12-month period, and they may receive compensation for that temporary use." The Town's apparent concern is that the petitioners are using their travel trailer as a short-term rental, "available to the general public on a daily basis." However, the ordinance expressly permits travel trailers for use as temporary sleeping quarters as limited only by section 3.40(m) and we decline to read into those limitations the nuance that the Town asserts was intended. See Blagbrough Family Realty Trust v. A&T Forest Prods., 155 N.H. 29, 42 (2007) (we will not guess what the drafters of the ordinance might have intended or add words that they did not see fit to include). Moreover, "we decline to contemplate any policy considerations regarding the effect of [short-term rentals] on the community when our task is to interpret the plain language of the Town's ordinance." Town of Conway v. Kudrick, 175 N.H. 714, 721 (2023).

[¶11] Accordingly, we conclude that the HAB erred as a matter of law and reverse its order upholding the ZBA's decision that the petitioners' rental of their travel trailer for short-term occupancy is not permitted under the Town's ordinance.

Reversed and remanded.

MACDONALD, C.J., and HANTZ MARCONI and DONOVAN, JJ., concurred.

4